IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-0250 |
| | ) | |
| MICHAEL ALAN HILLIARD, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Gary L. Lancaster                                October 22, 2009
Chief Judge.

      This is an action involving child pornography. Defendant Michael Alan Hilliard has moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d). The government has opposed this motion. For the reasons set forth below, the court denied Mr. Hilliard's motion.

      On April 13, 2009, Mr. Hilliard pled guilty to: (1) Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1) (Count I); (2) Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count II); and (3) Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count III). During his sentencing hearing on October 16, 2009, Mr. Hilliard moved to withdraw his guilty plea as to all three counts, arguing that he did not knowingly, willingly, and voluntarily transport, receive, and/or possess child pornography. In opposition, the government argued that Mr. Hilliard's recent

1

"change of mind" is not a "fair and just" reason for withdrawing his plea of guilty as required by the Federal Rules of Criminal Procedure. For the reasons set forth below, the court agrees.

Under Federal Rule of Criminal Procedure 11(d), "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes its sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).[1] Thus, the withdrawal of a defendant's guilty plea is a privilege, not a right. United States v. Smith, No. 05-0329, 2006 WL 2645153, at *3 (M.D. Pa. Sept. 14, 2006) (citation omitted). In other words, "[o]nce a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea at a whim." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003)(citing United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001), and United States v. Martinez, 785 F.2d 111 (3d Cir. 1986)).

When evaluating a motion to withdraw a guilty plea, a district court considers three factors: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the guilty plea; and (3) whether the government

---

[1] The Jones decision and other earlier decisions involve the "fair and just reason" analysis pursuant to Rule 32 of the Federal Rules of Criminal Procedure. The substance of this rule regarding withdrawal of guilty pleas was transferred to Rule 11(d) and (e). Smith, 2006 WL 2645153, at *5 n.5.

would be prejudiced by the withdrawal. Jones, 336 F.3d at 252; see also Brown, 250 F.3d at 815. The defendant bears the burden of demonstrating a "fair and just" reason for the withdrawal, and that burden is a substantial one. Jones, 336 F.3d at 252 (citations omitted).

With respect to the first factor, the court finds that Mr. Hilliard failed to meaningfully assert his innocence. Although Mr. Hilliard made a blanket statement as to his innocence, he failed to support that assertion with any facts from the record. Jones, 336 F.3d at 252 ("Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea."); Brown, 250 F.3d at 818 ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense.").

Likewise, Mr. Hilliard failed to explain why he took contradictory positions before the court. Jones, 336 F.3d at 245 ("Once a defendant has pleaded guilty, he must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court ....") (internal quotations omitted). Mr. Hilliard merely claimed that conversations with his counsel led to his change of plea. Based on that testimony, the court concludes that Mr. Hilliard did not meaningfully assert his innocence.

As to the strength of Mr. Hilliard's reasons for seeking to withdraw his guilty plea, Mr. Hilliard asserted that he did not

3

knowingly, willingly, and/or voluntarily transport, receive, and/or possess child pornography. In other words, Mr. Hilliard now claims he did not commit the crimes that he pled guilty to committing several months ago. Mr. Hilliard's desire to change his mind goes against the credibility of the motion to withdraw his plea. As the Court of Appeals for the Third Circuit has stated, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Jones, 336 F.3d at 252; United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).

The record indicates that Mr. Hilliard understood what he was agreeing to at the time of his guilty plea and that he was aware of the alternative actions that were available. Nothing about the circumstances surrounding his guilty plea suggests that it was invalid. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) (In order for a guilty plea to be valid, it must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant."). To the contrary, Mr. Hilliard's last minute request to change his guilty plea appears to have arisen on a whim. Accordingly, the court concludes that Mr. Hilliard's reason for seeking to withdraw his guilty plea is insufficient under Rule 11(d) of the Federal Rules of Criminal Procedure.

Because Mr. Hilliard failed to demonstrate that factors one and two above supported his motion for withdrawal, the court need not consider whether the government demonstrated that it would be prejudiced by the withdrawal of Mr. Hilliard's guilty plea. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). However, we note that at this late juncture - i.e., just prior to sentencing - withdrawal would prejudice the government.

Based on the foregoing, the court denied Mr. Hilliard's motion to withdraw his guilty plea.

BY THE COURT:

/s/ *[signature]*, J.

cc:  All Counsel of Record